

# NUMBER 13-17-00665-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

IKECHUKWU UHIARA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

**On appeal from the 105th District Court
of Kleberg County, Texas.**

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Hinojosa**

Appellant Ikechukwu Uhiara appeals from a judgment revoking his deferred adjudication community supervision and sentencing him to ten years' confinement for possession of marihuana in a drug free zone, a third-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134 (West, Westlaw through 2017 1st C.S.). The court also

sentenced him to two years' confinement for money laundering, a state jail felony. *See* TEX. PENAL CODE ANN. § 34.02 (West, Westlaw through 2017 1st C.S.). In two issues, Uhiara contends that there was insufficient evidence to prove the State's allegation of alien smuggling and that the punishment assessed by the trial court was disproportionate to the alleged offense, thus violating the Fourteenth and Eighth Amendments of the Constitution. We affirm.

## I.    BACKGROUND

On June 26, 2017, Uhiara pleaded guilty to possession of marihuana in a drug-free zone and money laundering. The trial court placed him on seven years' deferred adjudication community supervision. The community-supervision order included several terms and conditions, including that Uhiara not commit any offense against the laws of Texas. The State filed a motion to revoke and adjudicate guilt on August 16, 2017. It filed an amended motion to revoke and adjudicate guilt on November 11, 2017. In its motion, the State alleged nine violations of Uhiara's community-supervision terms. In count one, the State alleged Uhiara committed the offense of alien smuggling. The State dropped count two, and Uhiara pleaded "True" to counts three through nine. He pleaded "Not True" to count one.

At the revocation hearing, Emilio Gonzalez, a Kleberg County Sheriff's deputy, testified that he initiated a traffic stop of a vehicle driven by Uhiara. In the vehicle with him were five other men that had, according to Deputy Gonzalez, "factors consistent with smuggling people." During the course of the investigation, he determined that they were

in the United States illegally. He then placed Uhiara under arrest.

The trial court found count one of the motion to revoke true, as well as the counts Uhiara pleaded true to, counts three through nine. The trial court revoked Uhiara's community supervision and adjudicated him guilty for possession of marihuana in a drug free zone and money laundering. It sentenced him to ten years' confinement for the possession charge and two years for the money laundering charge, with the sentences to run concurrently. This appeal followed.

## II. DISCUSSION

### A. Sufficiency of the Evidence

In his first point of error, Uhiara contends that the State did not provide sufficient evidence for the court to find true the count of alien smuggling. According to Uhiara, the testimony of Gonzalez did not show that Uhiara had the intent to smuggle aliens.

We review the trial court's order revoking community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). A trial court may revoke community supervision if the State proves by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Rickels v. State*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006).

A finding of a single violation of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that one sufficient ground for revocation would support the trial court's order revoking community supervision."); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel

3

Op.] 1980); *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978). Additionally, a defendant's plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979).

Uhiara's pleading of "true" to counts three through nine is sufficient to support the trial court's decision to revoke community supervision.[1] *See Cole*, 578 S.W.2d at 128; *Moses*, 590 S.W.2d at 470. Therefore, we need not address whether the evidence established alien smuggling. *See* TEX. R. APP. P. 47.1. Uhiara's first issue is overruled.

## B.    Disproportionate Punishment

In his second issue, Uhiara contends that the trial court erred in assessing a disproportionately severe sentence. The trial court sentenced him to ten years' confinement for possession of marihuana in a drug-free zone and two years' confinement for money laundering, with both sentences to run concurrently. According to Uhiara, this sentence is cruel and unusual under the Eighth and Fourteenth Amendments of the United States Constitution.

We review the trial court's assessment of punishment for an abuse of discretion. *Quintana v. State*, 777 S.W.2d 474, 478 (Tex. App.—Corpus Christi 1989). The Eighth Amendment of the United States Constitution states that "excessive bail shall not be

---

[1] Counts three through nine alleged other violations of the terms of the community supervision. In relevant part, they alleged that he failed to remain in his county of residence, possessed marihuana, failed to submit to drug testing, and failed to pay various remunerative fees.

4

required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi 2005, pet. ref'd). Failure to preserve error this way results in a waiver of a criminal defendant's Eighth Amendment and Fourteenth Amendment rights. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008).

Here, Uhiara did not (1) object when the trial court pronounced his sentence, or (2) raise the issue in a motion for new trial. Therefore, Uhiara has not preserved this issue for our review. *See* TEX. R. APP. P. 33.1(a). Regardless, we note that even had Uhiara preserved this issue, his ten-year sentence was within the range of statutory sentencing prescribed for his third-degree felony conviction. *See* TEX. PENAL CODE ANN. § 12.33(a) (West, Westlaw through 2017 1st C.S.); TEX. HEALTH & SAFETY CODE. ANN. § 481.134(b)(1). Furthermore, his two-year sentence was within the range of statutory sentencing for his state-jail felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.35(a), 34.02 (West, Westlaw through 2017 1st C.S.). Punishments within the statutory limit are generally not found to be excessive, cruel, or unusual. *See State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *see also Ex parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006) (explaining that the trial court's discretion to impose a sentence within the statutory range is "essentially unfettered"). Uhiara's second issue is overruled.

### III.    CONCLUSION

The trial court's judgment is affirmed.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of June, 2018.

6